## In re STEVENSON.

(Court of Appeals of District of Columbia. Submitted January 18, 1926. Decided February 1, 1926.)

No. 1792.

**1. Patents ⊚⟳17.**

Device consisting of lock nut having washer locked both to threaded stem and to nut *held* to involve patentable invention.

**2. Patents ⊚⟳32.**

Doubt, if any, should be resolved in favor of patentability.

Appeal from the Commissioner of Patents.

A. J. Hudson, of Cleveland, Ohio, and W. T. Estabrook, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, rejecting appellant's application for a patent for a locked bolt. The device is described in the claims as follows:

"1. The combination of a threaded stem and a threaded member adapted to screw on the same, a cupped washer having a central opening and lugs extending · inwardly into such opening upon said washer and being adapted to be mounted upon the threaded stem, the threaded stem being provided with longitudinally extending surfaces with which

the lugs of the washer are adapted to co-operate."

"3. The combination of a threaded stem and a threaded member adapted to screw on the stem, a cup washer having a central opening of larger diameter than the threaded diameter of the stem, said washer being provided with a plurality of lugs, which extend into the central opening, the said stem being provided with a plurality of tapered grooves extending longitudinally thereof with which the lugs on the said washer are adapted to co-operate."

[1] As anticipating the present invention, the officers of the Patent Office relied chiefly on a patent to appellant, Stevenson, dated February 22, 1910, and a patent to one Lehman, dated July 10, 1894.

As will be observed from the foregoing claims, the device consists of a nut lock in which a cup-shaped washer is provided with inwardly projecting lugs, so adjusted as to engage the longitudinal grooves on the bolt. When the nut is screwed to its seat, the lugs on the cupped washer are forced into the grooves on the bolt stem. When the nut is screwed tight, the margin of the washer is bent into corresponding recesses in the periphery of the nut, resulting in the locking of the washer to the bolt, and likewise to the nut, so that relative movement of the parts becomes impossible.

In appellant's patent of 1910, above referred to, the groove in the bolt is tapered, but the washer is not cupped. Consequently means for forcing the washer lugs into the grooves are lacking.

The patent to Lehman provides for a cupped washer, but the bolt is not grooved. The operation consists of forcing sharp lugs on the washer into the bolt, and flattening the edge of the washer at corresponding points into recesses on the periphery of the nut. It is pointed out, however, that in this device the projecting teeth do not engage or bite into similar portions of the thread, since the threads are spiral with respect to the axis of the bolt, and, while the tooth on one side may bite into and engage the base of the thread, on the opposite side the tooth would engage the top of the thread. The device, however, is materially different, in that there are no longitudinal grooves on the bolt.

10 F.(2d)—64

A patent to one Humason, dated July 23, 1912, discloses a uniform groove longitudinal of the bolt, which is uniform, but not tapered. [2] It will be observed that appellant has produced a nut lock which in utility and design marks an advance step in the art. We think the improvement discloses invention. True, the elements used are mostly old in the art; but the combination is such as to amount, in our opinion, to invention. While the inventive concept here disclosed may be described as within the narrow confines of the twilight zone between mere mechanical improvement and invention, we feel justified in bringing this case within the rule that the doubt, if any there is, should be resolved in favor of invention.

The decision of the Commissioner is reversed.